# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE | ) | | |
| | ) | | |
| v. | ) | ID# 1906003541 A&B | |
| | ) | | |
| JEFFREY CAMPBELL, | ) | | |
| | ) | | |
| Defendant. | ) | | |

Date Submitted: September 15, 2023
Date Decided: October 26, 2023

## ORDER

Upon consideration of Defendant's *Pro Se* Motion for Postconviction Relief[1]

and Appointed Counsel's Motion to Withdraw as Counsel;[2] Superior Court Criminal

Rule 61; the facts, arguments, and legal authorities set forth in the Motions; statutory

and decisional law; and the record in this case, it appears that:

1)      On August 5, 2019, a grand jury returned an indictment, charging

Defendant with: (1) Sex Offender Unlawful Sexual Conduct Against a Child; (2)

Sexual Solicitation of a Child; and (3) ten counts of Dealing in Child Pornography.[3]

2)      On January 22, 2020, Defendant pled guilty to Sex Offender Unlawful

Sexual Conduct Against a Child and three counts of Dealing in Child Pornography.[4]

The plea offer also included Defendant's violation of probation pending in Sussex

---

[1] D.I. 28. (Docket Item numbers are from ID No. 1906003541A.)
[2] D.I. 35.
[3] D.I. 2.
[4] D.I. 16.

County for the offenses Sexual Exploitation of a Child and Attempted Sexual Solicitation.[5]

3) On July 9, 2021, the Court sentenced Defendant to 16 years of unsuspended Level V time.[6]

4) Mr. Campbell filed a timely direct appeal. On March 8, 2022, the Supreme Court affirmed Defendant's convictions and sentence.[7]

5) On May 17, 2022, Defendant filed a timely *pro se* Motion for Postconviction Relief and Motion for Appointment of Counsel.[8] On March 1, 2023, the Office of Conflicts Counsel confirmed that Kimberly A. Price and Patrick J. Collins, of Collins & Price, were appointed as counsel for Defendant ("Rule 61 Counsel").[9]

6) On August 1, 2023, Rule 61 Counsel filed a Motion to Withdraw, a Memorandum of Law in support of the Motion, and an appendix pursuant to Rule 61(e)(6).[10] Rule 61 Counsel informed the Court that, after a thorough review of the record, Defendant's claims lacked merit and there were no additional meritorious

---

[5] *Id.* The Court deferred sentencing and ordered a pre-sentence investigation ("PSI"). *Id.*

[6] D.I. 23. The delay in time between the plea and sentencing was due to the PSI and the fact that trial counsel, on behalf of Defendant, requested to schedule Defendant for sentencing in person rather than over videophone. (D.I. 19, D.I.20).

[7] *Campbell v. State*, 2022 WL 678001 (Del. Mar. 8, 2022).

[8] D.I. 28, D.I. 29.

[9] D.I. 32.

[10] D.I. 35.

claims.[11] Rule 61 Counsel indicated that they transmitted a copy of the filing to Defendant and informed Defendant that Defendant had thirty days to file a response.[12]

7) As of this date, Defendant has not responded to Rule 61 Counsel's Motion to Withdraw.

## ANALYSIS

8) Pursuant to Superior Court Criminal Rule 61(e)(6), postconviction counsel has an obligation to assist the movant in presenting any substantial ground for relief.[13] If counsel identifies any substantial ground for relief, counsel can file an amended motion to include those grounds.[14] Conversely, if counsel "considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw."[15] If counsel moves to withdraw, they must explain the factual and legal basis for their opinion and provide notice to the movant, who may respond within thirty days of service, unless the court grants an extension of this deadline.[16]

---

[11] D.I. 35; Mot. Withdraw as Counsel.
[12] *Id. See also* Letter to Judge Adams from Kimberly A. Price dated August 1, 2023.
[13] Super. Ct. Crim. R. 61(e)(6).
[14] Super. Ct. Crim. R. 61(b)(6).
[15] Super. Ct. Crim. R. 61(e)(7).
[16] *Id.*

9)     Here, Rule 61 Counsel concluded that Defendant's claims lacked sufficient merit to the point that they could not ethically advocate Defendant's position, or any other possible claim.[17]  On this basis, Rule 61 Counsel moved to withdraw.[18]

10)     The deadline for Defendant to respond to Rule 61 Counsel's Motion to Withdraw was September 15, 2023.  As of the date of this order, Defendant has not responded to Rule 61 Counsel's Motion to Withdraw.

11)     In the Motion to Withdraw, Rule 61 Counsel engaged in a detailed analysis of Defendant's claims before concluding that they were devoid of merit.[19] Rule 61 Counsel also considered wither there were *any* other meritorious claims for postconviction relief and could not find any.  Defendant has elected to not contest Rule 61 Counsel's position on his Motion for Postconviction Relief.  Because Defendant has failed to timely respond to Rule 61 Counsel's Motion to Withdraw, Defendant is limited to presenting the claims he made in his *pro se* Motion for Postconviction Relief.  The Court will not consider any additional claims Defendant made in his Motion for Reconsideration filed on May 17, 2022.

12)     With respect to Defendant's Motion for Postconviction Relief, Superior Court Criminal Rule 61(a) states such motions must be based on a sufficient factual

---

[17] Mot. Withdraw; D.I. 35.
[18] *Id.*
[19] *See generally* Mot. Withdraw.

or legal basis.[20]  Superior Court Criminal Rule 61(b)(2) requires that postconviction motions "specify all grounds for relief which are available to the movant . . . and shall set forth in summary form the facts supporting each of the grounds thus specified."[21]  "[F]or a claim of ineffective assistance of counsel to prevail, the defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal."[22]  If the motion clearly shows that the movant is not entitled to relief, the court may summarily dismiss it.[23]

13)  After a review of the Motion for Postconviction Relief and Motion to Withdraw, in addition to the applicable legal authorities, it is evident that Defendant's grounds for relief do not have merit.  Defendant claims defense counsel was ineffective for the for leaving his position with the Office of Defense Services and was not fully invested in his sentencing hearing.[24]

14)  The Court finds that this claim lacks merit.  Mr. Campbell fails to provide any specifics as to how trial counsel's performance was deficient at sentencing, or at any other time.  He does not attempt to collaterally attack the guilty plea or the sentencing.  Attorneys change positions frequently – just because an

---

[20] Super. Ct. Crim. R. 61(a).
[21] Super. Ct. Crim. R. 61(b)(2).
[22] *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).
[23] Super. Ct. Crim. R. 61(d)(5).
[24] D.I. 28.

attorney leaves his or her current position does not mean their performance in the matter was ineffective.

15)    Here, it is apparent that trial counsel secured a mitigation report on behalf of Mr. Campbell to present at sentencing.  This report was also referenced in the pre-sentence investigation report.  After reviewing the transcript of the sentencing hearing, the Court is satisfied that trial counsel was prepared and fully invested in Mr. Campbell's sentencing.[25]  The Court, therefore, will enter an Order for its summary dismissal.[26]

**NOW THEREFORE**, Counsel's Motion to Withdraw is **GRANTED** and Defendant's *Pro Se* Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED**.

*/s/   Meghan A. Adams*

Judge Meghan A. Adams

Original to Prothonotary
cc:    Office of Conflicts Counsel
        Erik Towne, Deputy Attorney General
        Kimberly A. Price, Esquire
        Patrick J. Collins, Esquire
        Kevin O'Connell, Esquire
        Andrew J. Meyer, Esquire
        Jeffrey Campbell, *pro se*

---

[25] Appendix to Mot. Withdraw; D.I. 36 at A62-A70.
[26] Super. Ct. Crim. R. 61(d)(5).

6